1   JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
2   KEMP & KEMP, ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110,
3   Las Vegas, NV  89130
(702) 258-1183/(702) 258-6983 (fax)
4   jp@kemp-attorneys.com
Attorney for Plaintiff VICKIE HALE
5

6                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEVADA
7                                  * * *

8   VICKIE HALE,                          )
                                          )
9                           Plaintiff,    )
                                          )   Case No.:  3:21-cv-257
10  vs.                                   )
                                          )
11  CLUB DEMONSTRATION SERVICES, INC, )    **COMPLAINT**
    a Connecticut Corporation; DAYMON     )
12  WORLDWIDE INC., a District of Columbia )
    Corporation.                          )   JURY TRIAL DEMANDED
13                                        )
                                          )
14                          Defendant.    )
                                          )
15  _____)

16          COMES NOW THE PLAINTIFF, by and through her counsel, JAMES P. KEMP, ESQ.,

17  of KEMP & KEMP, ATTORNEYS AT LAW, and states and alleges causes of action against the

18  Defendant(s) as follows:

19          **I.      JURISDICTION AND VENUE**

20          This court has subject matter jurisdiction pursuant to pursuant to 28 U.S.C. § 1331 because the acts

21  and omission raised herein present a federal question under the Family and Medical Leave Act of 1993

22  (FMLA).  The court has supplemental jurisdiction over the state law claims set forth herein under 28

23  U.S.C. § 1367.  The court has jurisdiction over the parties hereto as Plaintiff is a resident of Washoe

24  County, Nevada and the Defendants are corporations having regular, systematic, and ongoing business

25  operations in the state of Nevada and are registered with and authorized to conduct business by the

26  Nevada Secretary of State.

27

28

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

Venue is proper in the United States Court for the District of Nevada, and in the unofficial Northern Division of the court, pursuant to 28 U.S.C. § 1391(b)(1) because all events or omissions giving rise to Plaintiff's claims occurred in the District of Nevada, Washoe County and/or Carson City.

## II.   CLAIMS FOR RELIEF

### ALLEGATIONS COMMON TO ALL CLAIMS

1. This is a civil action for damages under federal statutes prohibiting discrimination and to redress deprivation of rights under these laws, as well as claims under the common law of Nevada.

2. Plaintiff's federal statutory claim arises under The Family and Medical Leave Act of 1993.

3. Defendant CLUB DEMONSTRATION SERVICES, INC. (herein Defendant CDS), Plaintiff's employer, is a Connecticut Corporation duly authorized to conduct business under the laws of the state of Nevada. "Defendant CDS" or just "Defendant", as a fictional legal entity, can only operate through its agents, managers, and employees, and Defendant CDS is vicariously liable for the acts and omissions committed by those agents, managers, and employees in the course of operating the Defendant's business, including in their dealings with the Plaintiff in her employment.

4. Defendant DAYMON WORLDWIDE INC., sometimes referred to as DAYMON INTERACTIONS ("Defendant Daymon" or just "Defendant") is a District of Columbia Corporation which is identified as Plaintiff's employer in proceedings before the Nevada Department of Administration, Appeals Division in administrative workers' compensation proceedings and is, therefore, upon information and belief the/a former employer of Plaintiff liable for the unlawful and tortious acts and/or omissions set forth herein either jointly, severally, or both with Defendant CDS. Upon information and belief Defendant Daymon is the parent company of subsidiary Defendant CDS. Both Defendants constitute an integrated enterprise or joint employer of Plaintiff for purposes of the claims set forth herein.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

5. Wherever the term Defendant or Defendants is used herein it shall be deemed to refer to either Defendant Daymon or Defendant CDS or both as the context and circumstances may require.

6. As Plaintiff's employer during the relevant time period, Defendant was operating a business within the State of Nevada. Defendant was engaged in an industry affecting commerce and employed more than 500 employees in the two calendar years preceding the events in question.

7. As an employer in Nevada, Defendant is required to comply with all state and federal statutes which prohibit age and disability discrimination, as well as retaliation. Further, Defendant is an employer and covered entity that must comply with the requirements of the FMLA.

8. Plaintiff is and was at the times relevant to this complaint, a resident of Washoe County, Nevada.

**FACTS**

10. Plaintiff was employed by Defendant as a food sampler employee at a Costco store location in Washoe Counter or Carson City from approximately February 2015 until approximately June 6, 2019 or June 8, 2019 when Defendant allegedly terminated her employment. There is conflicting evidence about what date the Defendant actually claims to have terminated Plaintiff's employment; however, Plaintiff did not discover that her employment had actually been terminated until a June 6, 2019 letter was provided to her in a workers' compensation appeal evidence packet on or about October 28, 2020. There is also a termination form that indicates the date of termination was June 8, 2019, but again Plaintiff did not discover she had been terminated until October 28, 2020.

11. Plaintiff was a good employee and enjoyed a successful tenure and performed her duties in a manner that met or exceeded the reasonable expectations of the Defendant. Prior to her industrial accident of October 29, 2017 and prior to her being discriminated against she worked approximately 48 hours per week, even though the job was supposed to have been a part-time

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL (702) 258-1183 ♦ FAX (702) 258-6983

job.

12. On or about February October 29, 2017 Plaintiff suffered an industrial injury. She was hurt when she fell while pushing a table across the floor at the Costco where she was assigned by Defendant to work.

13. The accident and injury arose out of and occurred in the course and scope of Plaintiff's employment.

14. Plaintiff timely filed a workers' compensation claim that was duly accepted by the workers' compensation insurer and its administrator Sedgwick.

15. Plaintiff filed a claim and sought benefits under the Nevada Industrial Insurance Act (NIIA), NRS Chapters 616A-616D.

16. Plaintiff was out on a leave of absence on June 4, 2019 when her treating physician Dr. Pitman issued her physical restrictions due to the industrial injury.

17. Plaintiff provided the work restrictions from Dr. Pitman to Defendants' management.

18. According to the June 6, 2019 termination letter Defendants terminated Plaintiff's employment almost immediately after receiving the June 4, 2019 documentation of her physical work restrictions.

19. The physical work restrictions issued on June 4, 2019 would entitle Plaintiff to receive Temporary Total Disability (TTD) benefits.

20. TTD benefits either come directly out of the funds of an employer if it is self-insured, or cause an employer's insurance rates to escalate because of the "lost time" injury. Either way, TTD benefits cost an employer money, or give the impression that they will cost the employer money thereby giving the employer motive to retaliate by terminating the employment of the employee and claiming that this provides a reason to deny TTD benefits because of a termination "for cause" or for "misconduct" or for "gross misconduct." That is what occurred in this case.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL (702) 258-1183 ♦ FAX (702) 258-6983

4

21. Plaintiff had a serious health condition under the FMLA in that the condition caused at least three days of incapacity from working and required ongoing medical treatment.

22. The Plaintiff was allegedly fired on June 6, 2019 or June 8, 2019 just a few days after informing Defendant of her work restrictions that put Defendant on notice that she may need leave protected by the Family and Medical Leave Act.

23. Defendant was on notice of the need for FMLA leave based on what Plaintiff had informed Defendant of with respect to the serious health condition.

24. Defendant failed to comply with the FMLA and its attendant regulations by informing the Plaintiff of her rights under the FMLA, providing her with direction, or assisting her with any necessary requirements to have leave under the FMLA approved.

25. Defendant failed to grant Plaintiff a leave of absence under the FMLA.

26. Defendant discriminated against the Plaintiff and terminated her employment rather than provider her with the legally required FMLA leave.

27. Defendant interfered with Plaintiff's rights to leave and reinstatement after leave and other substantive benefits conferred on Plaintiff by the FMLA.

28. Defendant's workers' compensation administrator Sedgwick denied Plaintiff TTD benefits on her workers' compensation claim by falsely alleging that Plaintiff had been fired for cause, misconduct, or gross misconduct.

29. Plaintiff, through her workers' compensation attorney, appealed the denial of TTD benefits determination made by Sedgwick after the Defendant received the June 4, 2019 work restrictions from Dr. Pitman.

30. On June 4, 2021 an Administrative Law Judge ("Appeals Officer") for the Nevada Department of Administration Appeals Division issued a Decision and Order REVERSING the determination of Sedgwick that had denied TTD benefits for the period beginning June 4, 2019

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL (702) 255-1153 ♦ FAX (702) 258-6983

and running for four weeks thereafter.

31. In the June 4, 2021 Decision and Order the Appeals Officer specifically found that Plaintiff was not fired for cause.

32. In the June 4, 2021 Decision and Order the Appeals Officer specifically found that Plaintiff was not fired for misconduct.

33. In the June 4, 2021 Decision and Order the Appeals Officer specifically found that Plaintiff was not fired for gross misconduct.

34. In the June 4, 2021 Decision and Order the Appeals Officer specifically found that Plaintiff was actually fired because she was pursuing benefits under the NIIA in her workers' compensation claim and the Appeals Officer stated in the decision, "The timing of the Employer's termination of the Claimant after receiving work restrictions coupled with the unreliable and suspect records supporting termination, support a finding that the termination was due to the Claimant's industrial injury.  In evaluating the Employer's actions, it is clear that the Claimant was only terminated after she provided work restrictions and that it was her injury and related restrictions which is the sole cause for her inability to return to work with the Employer."

35. The findings of fact of the Appeals Officer are entitled to administrative res judicata under Nevada law.

36. Plaintiff was fired for a false and pretextual reason that was trumped up and fabricated, and/or exaggerated, by Defendant in a feeble attempt to cover up the real reasons for Plaintiff's termination from employment which were interference, discrimination, and retaliation as set forth herein.

37. Defendant failed to follow the statutory and regulatory requirements under the FMLA in that she was never provided with any information on how to apply for or take leave under the FMLA.  She was fired instead once Defendant learned that Plaintiff would need a leave of

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL (702) 258-1183 ♦ FAX (702) 258-6983

absence to care for her serious health condition per Dr. Pitman's work restrictions which were caused by her industrial accident and injury.

38. This action was timely filed.

39. The amount in controversy in this case is well in excess of $75,000.

**FIRST CLAIM:  VIOLATION OF FMLA – INTERFERENCE WITH EXERCISE OF RIGHTS**

Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

40. Defendant operates in interstate commerce and, upon information and belief, have over 50 employees within a 75 mile radius of the location where Plaintiff was employed in Washoe County, Nevada.  Therefore, Defendant is a "covered employer," as defined at 29 U.S.C. § 2611(4), under the Family and Medical Leave Act 29 U.S.C. §§ 2611-2654 and subject to all provisions stated therein.

41. As a "covered employer" under the FMLA, Defendant is required to offer any "eligible employee," as defined at 29 U.S.C. § 2611(2), up to 12 weeks of leave for of absence "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee."

42. Plaintiff was an "eligible employee," entitled to the protections of the FMLA having worked for Defendants over 1250 hours during the preceding 12 months and having been employed for over three years when her need for leave arose.

43. Plaintiff was qualified to obtain leave under the FMLA in that she had a serious health condition.

44. Plaintiff provided Defendants notice of his need for leave or intermittent time off by informing Defendant of the results of her appointment with Dr. Pitman on or about June 4, 2019 showing that she would need leave due to her restrictions.  Defendant's management, specifically

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL (702) 258-1183 ♦ FAX (702) 258-6983

Elizabeth Ruiz and other managers, was informed such that Defendant received sufficient notice to trigger its responsibility to provide leave under the FMLA based upon her industrial injuries as is existed at the time of her termination.

45. By taking the adverse action of terminating Plaintiff on allegedly June 6, 2019, thereby precluding the Plaintiff from obtaining leave and her attendant rights under the FMLA, Defendant violated 29 U.S.C. § 2615(a)(1) by unlawfully interfering with, denying, or restraining Plaintiff's right to medical leave under the FMLA.

46. Moreover, Defendant took other steps in order interfere with Plaintiff's rights to obtain leave under the FMLA including, alternatively, preventing Plaintiff from working for the purpose, or with the foreseeable consequence, that Plaintiff would thereby be deprived of her rights under the FMLA.

47. Defendant's violations of the FMLA were willful and without justification.

48. Defendant's acts were done with malice and oppression and with Defendant's conscious disregard for the rights of Plaintiff and with a certainty of knowledge that Plaintiff would be injured by Defendants' acts in violation of the FMLA.

49. Defendant is liable to Plaintiff for violating her rights under the FMLA.

50. Plaintiff is entitled to all remedies available under the FMLA and hereby claims entitlement to all appropriate remedies pursuant to 29 U.S.C. § 2617 (a)(1)(A) and (B) including, but limited to, the following: money damages for lost wages and benefits and any other actual money damages caused by Defendants' violation of the FMLA; liquidated damages as provided for under the FMLA; interest as provided for under the FMLA and other law; equitable and/or injunctive relief including employment, reinstatement, and/or promotion as provided for by the FMLA and/or front pay in lieu of employment or reinstatement.

51. Plaintiff is entitled to recover costs and reasonable attorney fees pursuant to 29 U.S.C. §

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL. (702) 258-1183 ♦ FAX (702) 258-6983

2617(a)(3) for having to incur costs and fees associated with the exercise of his legal rights and remedies through this action.

**SECOND CLAIM:   VIOLATION   OF   FMLA - RETALIATION   AND/OR DISCRIMINATION**

Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

52. Plaintiff was terminated allegedly on June 6, 2019 or June 8, 2019 for the purpose of discriminating against the Plaintiff by the Defendant in that the Defendant did not want to have an employee who would be eligible to take leave under the FMLA.

53. Defendant's discharge of Plaintiff was in retaliation for, or for a discriminatory purpose in violation of the FMLA.

54. By taking the adverse action of terminating Plaintiff's employment on allegedly June 6 or June 8, 2019, Defendant violated 29 U.S.C. § 2615(a)(2) by unlawfully retaliating and/or discriminating against Plaintiff and her right to medical leave under the FMLA.

55. Defendant's violations of the FMLA were willful and without justification.

56. Defendant's acts were done with malice and oppression and with Defendants' conscious disregard for the rights of the Plaintiff and with a certainty of knowledge that Plaintiff would be injured by Defendant's acts in violation of the FMLA.

57. Defendant is liable to Plaintiff for violating her rights under the FMLA.

58. Plaintiff is entitled to all remedies available under the FMLA and hereby claims entitlement to all appropriate remedies pursuant to 29 U.S.C. § 2617 (a)(1)(A) and (B) including, but limited to, the following: money damages for lost wages and benefits and any other actual money damages caused by Defendants' violation of the FMLA; liquidated damages as provided for under the FMLA; interest as provided for under the FMLA and other law; equitable and/or injunctive relief including employment, reinstatement, and/or promotion as provided for by

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL. (702) 258-1183 ♦ FAX (702) 258-6983

1   the FMLA and/or front pay in lieu of employment or reinstatement as provided for by the

2   FMLA and/or front pay in lieu of employment or reinstatement.

3   59. Plaintiff is entitled to recover costs and reasonable attorney fees pursuant to pursuant to 29

4   U.S.C. § 2617(a)(3) for having to incur costs and fees associated with the exercise of his legal

5   rights and remedies through this action.

6   **THIRD  CLAIM: RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC**
    **POLICY- WORKERS' COMPENSATION RETALIATION**

7

8

9   Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other

10  pertinent paragraph contained in this Complaint, as if set forth fully herein.

11  60. Plaintiff's employment was terminated by Defendant in retaliation for her being injured on the

12  job and her filing of a valid Workers Compensation claim and, thus, exercising her rights under

13  the Nevada Industrial Insurance Act.

14  61. Termination of Plaintiff's employment was in violation of strong public policy of the state of

15  Nevada.

16  62. Plaintiff suffered mental and emotional distress as a direct and proximate result of Defendant's

17  actions.

18  63. Plaintiff has suffered and will suffer lost wages and/or benefits as a direct and proximate result

19  of the actions of the Defendant.

20  64. The actions of the Defendant were willful, malicious, fraudulent, or oppressive, and calculated

21  to discourage Plaintiff and other of Defendant's employees from pursuing their rights under

22  Nevada law.  The Defendants should be subjected to Punitive and Exemplary damages to

23  deter future conduct of this sort.

24  65. Plaintiff should be reinstated to her position with all wages, benefits, and seniority restored as

25  though the unlawful and tortious termination had never occurred.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

66. Plaintiff has been required to hire an attorney and expend fees and costs to pursue his rights through this action.

## III.    DEMAND FOR JUDGMENT FOR RELIEF

WHEREFORE, the Plaintiff Prays Judgment against the Defendant and requests relief as follows:

1.  For all remedies available under the State and Federal Statutes giving rise to the claims set forth herein;

2.  For all remedies available under Nevada common law;

3.  For actual and compensatory damages in an amount to be determined by a jury at trial;

4.  For general damages in an amount to be determined by a jury at trial;

5.  For Punitive and/or Exemplary damages in an amount to be determined by a jury at trial;

6.  For liquidated damages under the Family and Medical Leave Act;

7.  For nominal damages if appropriate;

8.  For Attorney fees;

9.  For costs of suit;

10. For pre-judgment interest;

11. For an appropriate award of money to offset and ameliorate any adverse tax consequences that may be imposed upon Plaintiff;

12. For a trial by jury of all issues that may be tried to a jury;

13. For equitable and injunctive relief including reinstatement to employment, or front pay in lieu of reinstatement as set forth herein;

///

///

///

///

///

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 255-1183 ♦ Fax (702) 258-6983

14.  For such other and further relief as the court may deem just and equitable.

DATED this 6th day of June, 2021.

                                        /s/ James P. Kemp
                                JAMES P. KEMP, ESQUIRE
                                Nevada Bar No. 006375
                                KEMP & KEMP
                                7435 W. Azure Drive, Suite 110,
                                Las Vegas, NV  89130
                                (702) 258-1183/ (702) 258-6983 (fax)
                                jp@kemp-attorneys.com
                                Attorney for Plaintiff KYLE JOHNS