# EXHIBIT 1

# EXHIBIT 1

Declaration of Andrew Beros

KARYN M. TAYLOR, ESQ., Bar # 6142
LITTLER MENDELSON, P.C.
200 S. Virginia Street, 8th Floor
Reno, NV 89501-1944
Telephone: 775.741.2185
Fax No.: 775.204-9158
Email: kmtaylor@littler.com

NEIL C. BAKER, ESQ., # 14476
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
Telephone: 702.862.8800
Fax No.: 702.862.8811
Email: nbaker@littler.com

*Attorney for Defendants*
CLUB DEMONSTRATION SERVICES, INC., and DAYMON WORLDWIDE INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICKIE HALE,<br><br>    Plaintiff,<br><br>vs.<br><br>CLUB DEMONSTRATION SERVICES, INC., a Connecticut Corporation, DAYMON WORLDWIDE, INC., a District of Columbia Corporation,<br><br>    Defendants. | Case No. 3:21-CV-00257-MMD-WGC<br><br>**DECLARATION OF ANDREW BEROS IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO DISMISS THE ACTION, OR, ALTERNATIVELY, TO STAY THE ACTION PENDING ARBITRATION** |

I, Andrew Beros, declare follows:

1. In my former role I was employed as a Human Resources Manager for Club Demonstration Services, Inc ("CDS"), and I had worked in that capacity from March 2008 to April 2020. In April 2020 I transferred to a different division of the company. I make this Declaration in Support of Defendants' Motion to Compel Arbitration and to Dismiss the Action, or Alternatively, to

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

Stay the Action Pending Arbitration (the "Declaration"). I have personal knowledge of the facts set forth in this declaration, except for those matters stated on information and belief. As to matters stated on information and belief, I believe them to be true. If called to testify, I could and would testify to the matters set forth in this Declaration.

2. CDS is the preferred in-house event marketing provider to Costco. CDS influences customers' buying decisions by connecting Costco members to brands and building consumer awareness for vendors' products. CDS's business is involved in interstate commerce because it markets products that are delivered across state lines, among other reasons.

3. In my capacity as Human Resources Manager, I have overseen the personnel matters of CDS employees, including Plaintiff Vickie Hale ("Plaintiff"). In my capacity as Human Resources Manager, I also oversee the process by which CDS employees electronically view, acknowledge, accept, and sign documents such as the Arbitration Agreement, a true and correct copy of which is attached here as **Exhibit A**. In my position, I am aware of the security assessments across all electronic human resource portals utilized by CDS and have knowledge regarding the implementation of secure information technology practices for CDS generally, but also specifically for the online portal used.

4. CDS maintains employee personnel files electronically. In my position, I have access to personnel files, including Plaintiff's personnel file, and I am familiar with the nature of employment documents contained in employee personnel files.

5. Plaintiff was hired by CDS in or around February 2015.

6. CDS utilizes a password-protected online portal called Workday that provides access to certain employment policies, employee records and forms, and information including the Arbitration Agreement.

7. In my position, I am familiar with the online tools that CDS makes available to its employees, including Workday. Specifically, I am currently, and have been, involved in the maintenance of the online portal and the online process by which individuals are provided with the Arbitration Agreement and are allowed to review and assess the Arbitration Agreement, and the process by which individuals consent to and agree to abide by the Arbitration Agreement, if they so

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

2

choose. Finally, in my position, I have access to the CDS online portal and the information contained in it.

8. To create a Workday account, employees are e-mailed a unique user ID followed by a subsequent and separate e-mail that contains a temporary password. Once an employee logs in with the unique user ID and temporary password, he or she is required to create a unique password. Otherwise, the employee cannot proceed. After creating a unique password, the employee can use that same password, along with the user ID, to log onto his or her Workday account. This password security protocol functions exactly like many familiar password-protected sites on the Internet.

9. Once an employee creates his or her own unique password, nothing in CDS's system shares that password with anyone. The password cannot be manually retrieved from the system by anyone. Only the employee user will know his or her password. If an employee forgets his or her password, CDS has no way to retrieve it. The only thing CDS can do is manually "re-set" that user's online portal account to allow him or her to create a new password, just as if he or she were a new user. Furthermore, CDS's security protocols do not permit anyone other than a user with the correct password to enter an employee's individual Workday account.

10. The Arbitration Agreement was published electronically on Workday and is maintained within the Workday application. As CDS rolls out new policies and procedures, CDS requires employees to acknowledge certain new policies via Workday. Employees access policies and procedures published on Workday via passthrough authentication, which requires the employee's unique user ID and password. Workday uses that unique ID to track the time and date on which an employee acknowledges a new policy or procedure. Since its publication, the Arbitration Agreement has been maintained in Workday.

11. Employees were asked to review and apply their electronic signature to the Arbitration Agreement in Workday. Employees are asked to carefully read the Arbitration Agreement, and there is no limitation on the time to do so. After being provided the opportunity to read the Arbitration Agreement, each employee is given the opportunity to electronically execute the agreement.

12. Once Plaintiff and other employees electronically signed the Arbitration Agreement,

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

their electronic signatures were retained in Workday's digital vault, where records cannot be altered in any way. Workday's digital vault maintains a report regarding documents that are electronically signed by employees, including the date the Arbitration Agreement is electronically signed. I am familiar with these Workday digital vault reports and the information they record as well as how to interpret them.

13. I have reviewed the Workday system, including the individual Workday account created by Plaintiff. Based on my review of the information contained therein, I was able to confirm that the Arbitration Agreement was electronically presented to Plaintiff via her individual Workday account. Attached here as **Exhibit B** is a true and correct copy of the Workday's digital vault report regarding the documents that were electronically signed by Plaintiff via Workday. As evidenced on Exhibit B, Plaintiff electronically executed the Arbitration Agreement on February 19, 2015.

14. CDS has continuous access to these electronic records of compliance through Workday's digital vault and relies on them to determine whether an employee has evaluated and signed the applicable policies, including the Arbitration Agreement. CDS has a substantial interest in the accuracy of these records, as they are one of the primary means of: (1) verifying that an employee has received the information presented on Workday, which contains a number of important policies; (2) verifying that the employee has provided certain information required for human resources and payroll purposes; and (3) verifying that the employee has agreed to abide by various company rules.

/ / /

/ / /

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

4

15. **Exhibit A** and **Exhibit B** are maintained in the usual course of business for CDS. The records attached hereto are the original or exact duplicates of the original files.

I declare under penalty of perjury under the laws of the State of Nevada and the United States that the foregoing is true and correct.

Executed on September 22, 2021.



Andrew Beros

4811-6197-3750.1 / 097919-1069

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

5