UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICKIE HALE, | Case No. 3:21-cv-00257-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| CLUB DEMONSTRATION SERVICES, INC., *et al.*, | |
| Defendants. | |

**I.    SUMMARY**

Plaintiff Vickie Hale sued Defendants Club Demonstration Services, Inc. and Daymon Worldwide Inc., corporate entities associated with her former employer, for alleged violations of the Family and Medical Leave Act of 1993 ("FMLA") and Nevada state law, generally alleging that Defendants wrongfully terminated her after she attempted to take unpaid leave following an injury at work. (ECF No. 1.) Before the Court are Defendants' motions to compel arbitration and dismiss this case, or, alternatively, to stay the case pending arbitration—both of which depend on Defendants' contention that Hale signed an arbitration agreement when she was hired.[1] (ECF Nos. 19, 20 (the "Motions").) Hale counters in pertinent part that she never agreed to arbitrate any disputes with Defendants. (*See, e.g.*, ECF No. 23-2 at 3.) Because the Court finds there is a genuine dispute of fact as to whether Hale agreed to arbitrate her disputes with Defendants, Hale requested a jury trial (ECF No. 23 at 1, 6-7), and as further explained below, the Court will defer ruling on the Motions and set this case for a jury trial under 9 U.S.C. § 4 to determine whether the parties entered into an arbitration agreement.

---

[1]Hale filed responses (ECF Nos. 23, 24), and Defendants filed replies (ECF Nos. 28, 29).

## II. DISCUSSION

If the question of whether the parties entered into an arbitration agreement is genuinely in dispute, the Court must summarily proceed to a trial to resolve that issue before taking any further action. *See Knapke v. PeopleConnect, Inc.*, Case No. 21-35690, --- F.4th ----, 2022 WL 2336657, at *3 (9th Cir. June 29, 2022) (citing 9 U.S.C. § 4). The Court may not first rule on the Motions. *See id.* (citing *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670-71 (9th Cir. 2021)). The Court applies the summary judgment standard in determining whether to proceed to a summary trial. *See id.* at *4. And the Court must hold a jury trial if the party opposing arbitration timely demands one. *See id.* At the summary trial, state law governs the question of whether Hale agreed to arbitrate her disputes with Defendants, and Defendants, as the parties seeking to compel arbitration, "must prove the existence of a valid agreement by a preponderance of the evidence." *Id.* (citation omitted).

As further explained below, because the Court cannot determine a contract exists between the parties as a matter of law given the current record before the Court, *see Klink v. ABC Phones of North Carolina, Inc.*, Case No. 20-CV-06276-EMC, 2021 WL 3709167, at *3 (N.D. Cal. Aug. 20, 2021), and the Court finds Hale timely requested a jury trial, *see id.* at *7 (noting a trend amongst district courts requiring "a specific demand for a jury trial on the issue of arbitration before or at the time of opposing a motion to compel arbitration"), the Court will set this case for a summary jury trial under 9 U.S.C. § 4 on the issue of whether Hale entered into an arbitration agreement with Defendants.

Hale requested a jury trial on the question of whether she entered into an arbitration agreement with Defendants when she responded to the Motions. (ECF No. 23 at 1, 6-7.) She supported her demand with a sworn declaration stating in pertinent part that she has, "never agreed to arbitrate any disputes with the Defendants in this action[.]"[2] (ECF No. 23-2 at 3.) To support this statement, she explains that she has no recollection

---

[2]This is contrary to Defendants' argument in reply that Hale does not deny she signed the arbitration agreement. (ECF No. 28 at 2.)

2

of ever having been shown or reviewed the arbitration agreement proffered as an exhibit to the Motions, she disputes the authenticity of the document purporting to show that she signed an arbitration agreement, and she states that no documents she allegedly signed electronically include signature statements that say anything about arbitration. (*Id.* at 3-5.) She concludes her declaration by stating, "[a]t no time prior to or during my employment did any of my superiors or company representatives ever inform me, whether in writing, verbally, or otherwise that agreeing to arbitration was a condition of employment." (*Id.* at 5.)

Defendants reply that the Court should disregard Hale's declaration because it is conclusory and self-serving. (ECF No. 28 at 2, 4-10.) However, the caselaw upon which Defendants rely does not fully support their arguments and the evidence Defendants proffered with their Motions does not establish they are entitled to judgment as a matter of law. For example, Defendants rely on *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 498 (9th Cir. 2015) for the proposition that a conclusory, self-serving affidavit lacking detailed facts and supporting evidence is insufficient to create a genuine issue of material fact. (ECF No. 28 at 4.) However, the *Nigro* court actually reversed the district court's grant of summary judgment to the employer because the plaintiff's "declaration and deposition testimony, albeit uncorroborated and self-serving, were sufficient to establish a genuine dispute of material fact[.]" 784 F.3d at 498. Moreover, the *Nigro* court noted that it was beside the point that some of the plaintiff's evidence was self-serving, explaining such testimony was admissible even if it may have limited weight absent corroboration, stressing that the weight of the evidence is best assessed by a factfinder at trial. *See id.* at 499. In addition, Defendants rely on *Klink* for the proposition that testimony from a human resource official establishes the validity of an electronic signature but overlooks the fact that the district court in *Klink* held a summary trial under 9 U.S.C. § 4 before finding the defendant established that an arbitration agreement existed by the preponderance of the evidence. *See* 2021 WL 3709167, at *3-*9. *Klink* accordingly

suggests the Court should hold a trial before ruling on the Motions and does not fully support Defendants' argument that the Court should grant their motion to dismiss now.

Finally, Defendants rely on *Sundquist v. Ubiquity, Inc.*, Case No. 3:16-cv-02472-H-DHB, 2017 WL 3721475, *2 (S.D. Cal. Jan. 17, 2017) for the proposition that the Court should not adopt Hale's version of the facts because it is "blatantly contradicted by the record[.]" (ECF No. 28 at 4.) But Hale's version of the facts here—while perhaps not ultimately persuasive—is not blatantly contradicted by the record. Thus, *Sundquist* does not directly apply here either.

To start, there are not even any signature blocks on the arbitration agreement that Defendants proffered with their Motions. (ECF No. 19-2.) Thus, it is impossible to tell from the agreement itself who is bound by it. Moreover, the arbitration agreement lists "Club Demonstration Services, Inc. (CDS)/Daymon Interactions (DI)" at the beginning of the agreement, not Defendant Daymon Worldwide Inc. (*Id.* at 2.) The Court therefore cannot even say from the agreement itself that both Defendants are parties to it, much less that Hale agreed to it. And accordingly, Hale's declaration does not 'blatantly contradict' this crucial piece of record evidence.

Further, Defendants proffer the declaration of former Human Resources Manager Andrew Beros to connect the arbitration agreement to Hale, but his declaration does not definitely do so. First, he says that he oversaw Hale's personnel matters. (ECF No. 19-1 at 3.) But Hale says she does not know him and has no recollection of ever having met him. (ECF No. 23-2 at 3.) Second, Beros' declaration tends to describe his understanding of how things were generally done, but generally declines to state what happened in Hale's case or evidence any personal knowledge of what documents Hale saw and signed. (*Id.* at 3-4 ("Employees were asked…" "Employees are asked…").) Third, Beros says that his Exhibit B shows that Hale signed the arbitration agreement. (*Id.* at 5.) But as Hale points out in her declaration (ECF No. 23-2 at 3), it is not possible to tell from that document itself that she signed the agreement—it merely contains a notation that she did (ECF No. 19-3 at 2, 3-4, 6), and she of course says that she did not (ECF No. 23-2 at 3).

Fourth, and as Hale also points out (*id.* at 3-5), the signature statement highlighted in the exhibit attached to Beros' declaration does not mention anything about arbitration (ECF No. 19-3 at 7). Thus, neither Beros' declaration nor its Exhibit B shows that Hale's declaration is 'blatantly contradicted' by the record.

It may be, of course, that Hale did sign the arbitration agreement Defendants proffered with their Motions. But Hale's declaration is sufficient to create a genuine dispute of material fact on this issue given the issues with Beros' declaration and its exhibits described above. The Court must find the facts as to formation of an agreement before ruling on the Motions in line with 9 U.S.C. § 4.

On the jury trial issue, Defendants do not dispute that Hale requested a jury trial in her responses to the Motion, nor do they argue that her request for a jury trial was untimely. (ECF No. 28.) And as noted, other district courts within the Ninth Circuit have required "a specific demand for a jury trial on the issue of arbitration before or at the time of opposing a motion to compel arbitration." *Klink*, 2021 WL 3709167, at *7 (collecting cases). Hale has done that here, and as also noted, Defendants decline to argue she is not entitled to a jury trial. The Court will accordingly hold a summary jury trial under 9 U.S.C. § 4. The Court will not resolve the Motions today, instead deferring a ruling on them until after the summary jury trial. *See Hansen*, 1 F.4th at 672 ("once a district court concludes that there are genuine disputes of material fact as to whether the parties formed an arbitration agreement, the court must proceed without delay to a trial on arbitrability and hold any motion to compel arbitration in abeyance until the factual issues have been resolved"); *see also generally Knapke*, 2022 WL 2336657 (vacating and remanding for the district court to resolve factual disputes before ruling whether the plaintiff agreed to arbitrate disputes with the defendant).

### III. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and

1 determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Court defers ruling on the pending motions. (ECF Nos. 19, 20.)

It is further ordered that the Court will set this case for a summary jury trial under 9 U.S.C. § 4 on the issue of whether Hale entered into an arbitration agreement with Defendants in a subsequent minute order at a time mutually convenient for the Court and the parties, and as soon as the Court can accommodate such a trial.

DATED THIS 6th Day of July 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE